

# HILL RIVKINS LLP
45 Broadway, Suite 1500, New York, NY 10006-3793
Tel: 212 669-0600   Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

JUSTIN M. HEILIG
Direct: (212) 669-0644
jheilig@hillrivkins.com

August 25, 2022

**Via CM/ECF System**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 705
New York, NY 10007

> **Re:** **Status Update on Adjustment of General Average**
> *Indemnity Insurance Co. of N. Am. v. M.V. BBC Ontario*
> S.D.N.Y. Case No. 18-cv-5364
> Our Ref: 34002
> ---------------------------------------------------------------------

Dear Judge Gardephe:

      We represent Plaintiffs Indemnity Insurance Company of North America ("IINA"), General Electric Company, General Electric International, Inc., and GE Energy Products France SNC (collectively "GE") in the above-referenced action, which was reassigned to Your Honor in April.

      Pursuant to Your Honor's Order dated July 14, 2022 (Dkt. #97), we write to provide the Court with a status update on the adjustment of general average. By Order dated May 6, 2019 (Dkt. #72), Judge Nathan administratively closed this action pending such adjustment.

      We also write to request that the case be restored to the active docket and that Plaintiffs be granted leave to amend their complaint to pursue an additional claim against Defendant Krey Schiffahrts GmbH & Co. MS "Graf Edzard" KG ("Krey") for the shortfall in general average contribution.

      We have conferred with counsel for Defendant Krey and Defendants BBC Chartering USA, LLC and BBC Chartering Carriers GmbH & Co. KG (together "BBC")

about the foregoing requests. As further explained below, BBC is opposed to both requests, while Krey will respond in a subsequent letter to the Court.

I.   **Background**

General average is an equitable doctrine under which all of the participants in a maritime venture are held ratably responsible for losses incurred for their common good. *Vogue Power Int'l, Inc. v. M/V Beluga Constellation*, 2011 WL 4005297 at *2 (S.D.N.Y. Sept. 1, 2011). The doctrine applies when the vessel incurs extraordinary expenses to successfully avert a peril that threatens the entire voyage. *Conti Corso Schiffahrts-GmbH & Co. KG NR. 2 v. M/V Pinar Kaptanoglu*, 414 F.Supp.2d 443, 447 (S.D.N.Y. 2006). In such circumstances, the party suffering the loss has a right to claim contribution from all other participants in the maritime venture, including the shipowner, charterer, and cargo interests. *Id*.

This action involves a fire on board the M.V. BBC ONTARIO at Bilbao, Spain on June 26, 2017, following which Krey (the vessel owner) declared general average and appointed Schlimme & Partners GmbH ("Schlimme") as average adjusters in Hamburg, Germany. *See generally* Dkts. #49 through #50-1. Certain equipment owned by GE and insured by IINA was on board the vessel at the time of the fire, including a combined lube and hydraulic oil tank module that was damaged in the incident. Plaintiffs submitted a sacrifice damage claim to Schlimme, which turned out to be the only general average claim made with respect to the fire. *See* Dkt. #77.

Schlimme issued its general average statement on October 22, 2021, outlining the parties' respective contributions to and allowances from the general average fund. Thereafter, Schlimme began to collect the contributions owed by both cargo and vessel interests. However, as previously reported (Dkts. #92 & #97), Schlimme's efforts to collect the full general average fund have been hindered by ongoing disputes with one non-party cargo owner, Siemens-Gamesa, which so far has refused to make its contribution. We also note that, of all the participants in a maritime venture, Siemens-Gamesa owes the largest contribution ($399,968.96), whereas Plaintiffs are entitled to be paid the net amount of $660,702.32 from the general average fund according to Schlimme's statement.



Hon. Paul G. Gardephe
August 25, 2022
Page Three

**II.     Plaintiffs' Position & Requests**

Plaintiffs submit that the prospect of Siemens-Gamesa making a voluntary contribution to the general average fund remains highly unlikely. In their last update, Schlimme advised:

> *Based on the time elapsed since issuing the GA Statement / requesting payment of the General Average contribution as well as the lack of professional handling on the side of the Siemens-Gamesa and their underwriters / lawyers, we anticipate that legal proceedings against Siemens-Gamesa under the GA securities will be necessary.*

Pending a general average adjustment, the ship and its owner have possessory liens upon the cargoes for such contributory shares as the cargo owners might be bound to pay. *Bubble Up Int'l Ltd. v. Transpacific Carriers Corp.*, 458 F.Supp. 1100, 1103 (S.D.N.Y. 1978). The "GA securities" mentioned by Schlimme refer to the general average bonds posted by cargo owners and the guarantees given by their cargo insurers as security in exchange for the release of their cargoes. *Id*.  We understand that the GA securities provided by Siemens-Gamesa and its insurer contain forum selection clauses that call for disputes to be resolved by arbitration in London.[1] We also understand that Siemens-Gamesa and BBC already are engaged in arbitration proceedings that relate to the same voyage and may bear upon the general average dispute.

This case has been inactive for over three years, and Schlimme issued its adjustment statement over ten months ago. And yet, Plaintiffs still have not received compensation for their loss. Rather than wait any longer to determine whether additional arbitration proceedings will be commenced against Siemens-Gamesa and its insurers, or whether they will be able to raise any successful defenses to the enforcement of the GA securities in London, Plaintiffs respectfully request that the Court restore this case to the active docket so that they can pursue recovery in this forum.

More specifically, Plaintiffs request leave from the Court to amend their complaint to assert an additional claim against Krey for the shortfall created by Siemens-Gamesa's unwillingness to contribute to the general average fund.  The law is clear that "a cargo

---

[1]     By contrast, the GA securities provided by Plaintiffs were revised to align with the forum selection clause in the relevant shipping contract. *See generally* Dkt. #49 through Dkt. #50-1. That contract contains an SDNY clause. *See* Dkt. #48 at 9-12.



Hon. Paul G. Gardephe
August 25, 2022
Page Four

owner who has not received its share of the Fund has a right *in personam* against the owner of the vessel." *Zim Israel Navigation Co. v. 3-D Imports, Inc.*, 29 F. Supp. 2d 186, 190 (S.D.N.Y. 1998) (citing *U.S. v. Atlantic Mut. Ins. Co.*, 298 U.S. 483, 489 (1936)). Moreover, the vessel owner "remains liable to those with damaged goods for the General Average share even after the necessary security is obtained." *Id.* at 190 n.3.

### III.    BBC's Position

BBC opposes Plaintiffs' requests to restore this matter to the Court's active docket and to amend their Complaint to add an additional claim against Krey. As Plaintiffs admit above, the GA adjustment is ongoing and includes a process for legal proceedings against Siemens-Gamesa for its GA contribution. According to Plaintiffs, those proceedings are subject to London arbitration. As this matter was administratively closed so this Court and the parties did not expend unnecessary resources while the GA adjustment was ongoing, Plaintiffs' impatience with the GA adjustment does not warrant the reopening of this matter, especially since the GA adjustment includes a process by which legal proceedings are brought. As such, if the instant matter were reopened now, a stay would be required here pending resolution of the adjustment proceedings to collect against Siemens-Gamesa in London arbitration. Plaintiffs' attempt to sidestep the ongoing adjustment process is thus premature.

Additionally, BBC reserves all rights and defenses, including the right to challenge any proposed amendment to the complaint and the merits of any additional claim Plaintiffs may seek to add.

### IV.    Krey's Position

Defendant Krey believes the status remains unchanged since the last update to the Court. As to Plaintiffs' request, Krey will respond in a subsequent letter to the Court.

### V.    Conclusion

We thank the Court for its attention to the foregoing and stand ready to answer any questions that the Court may have with respect to this matter.



Hon. Paul G. Gardephe
August 25, 2022
Page Five

Respectfully submitted,
HILL RIVKINS LLP

Justin M. Heilig

Cc: All counsel of record (via ECF)

**Memo Endorsed:**  In light of the ongoing adjustment proceedings, Plaintiffs' request to restore this matter to the Court's docket is denied.  The Clerk of Court is directed to terminate the letter motions pending at Dkt. Nos. 100 and 101.

SO ORDERED.

Paul G. Gardephe
United States District Judge
Dated:  September 8, 2022

